UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/5/2019___

SHERRY GRIMES-JENKINS,

        Plaintiff,

        -against-

CONSOLIDATED EDISON COMPANY OF NEW
YORK, INC., & SEAN GREEN, Individually,

        Defendants.

18 Civ. 1545 (AT) (RWL)

**<u>ORDER</u>**

ANALISA TORRES, District Judge:

    Plaintiff, Sherry Grimes-Jenkins, brings this action against Consolidated Edison

Company of New York, Inc. ("Con Edison") and Sean Green, alleging twenty-four federal and

state causes of action arising out of her employment by Con Edison. Compl., ECF No. 1. Con

Edison moves to dismiss the complaint on several grounds, including that the case is duplicative

of another that is pending before the Court, and for insufficient service of process pursuant to

Federal Rule of Civil Procedure 12(b)(5). ECF No. 27. Con Edison also moves for attorneys'

fees and costs. Def. Mem. at 23, ECF No. 28. For the reasons stated below, Con Edison's

motion to dismiss is GRANTED and its request for attorneys' fees and costs is DENIED.

**BACKGROUND**

I.    <u>Procedural History</u>

    On June 23, 2016, Plaintiff filed an action in this district (the "First Action") against Con

Edison, which was assigned the case number 16 Civ. 4897. First Action ECF No. 1.[1] On

September 13, 2016, Plaintiff filed an amended complaint. First Action ECF No. 10. The causes

of action Plaintiff asserted were not clear, but as described in a May 22, 2017 Report &

Recommendation ("R&R") issued by the Honorable James. C. Francis (and which is discussed

---

[1] Documents filed in the First Action are cited as "First Action ECF No. __." Documents filed in this action are
cited as "ECF No. __."

*infra*), Plaintiff brought claims arising out of her employment by Con Edison for:

> (1) discrimination based on race, national origin, sex, and religion under Title VII; the New York State Human Rights Law, N.Y. Exec. Law § 296 et seq. (the "NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 (the "NYCHRL") . . . ; (2) quid pro quo harassment . . . ; (3) hostile work environment . . . ; (4) retaliation . . . ; [and others].

R&R at 3–4, First Action ECF No. 42 (footnotes omitted) (citing First Action ECF No. 10).

On November 18, 2016, Con Edison filed a partial motion to dismiss the amended complaint. First Action ECF No. 21. On December 23, 2016, Plaintiff filed a cross-motion to file a second amended complaint. First Action ECF No. 27; *see also* First Action ECF No. 27-3 (proposed second amended complaint). The differences between the amended complaint and this proposed second amended complaint, as described in the R&R, were as follows:

> The [p]roposed [s]econd [a]mended [c]omplaint replaces the plaintiff's religious discrimination claim with a discrimination claim based on her ethnicity. It otherwise alleges the same causes of action as the [a]mended [c]omplaint, though it reorganizes the claims under different headings . . . and clarifies that the quid pro quo harassment, hostile work environment, and retaliation claims are each brought pursuant to Title VII, the NYSHRL, the NYCHRL, [and other statutes].

R&R at 5. Therefore, "[w]ith the exception of the plaintiff's replacement of her religious discrimination claim with an ethnicity discrimination claim," the allegations between the amended complaint and the proposed second amended complaint were "substantively identical." R&R at 9. In both pleadings, Plaintiff alleged "numerous incidents of discrimination, retaliation, and harassment dating back to 1990." *Id.*

On May 11, 2017, the Court referred Con Edison's motion for partial dismissal and Plaintiff's cross-motion to file a second amended complaint to Judge Francis for a report and recommendation, First Action ECF No. 41, and on May 22, 2017, Judge Francis issued the R&R, *see* R&R. In the R&R, Judge Francis recommended that dismissal be granted and leave to amend be denied with respect to most of plaintiff's claims. *See id.* at 46. No objections to the

R&R were filed, and on June 22, 2017, after reviewing for clear error, the Court adopted the R&R in its entirety. First Action, ECF No. 43. On July 20, 2017, Plaintiff filed her second amended complaint (the "First Action SAC"). First Action SAC, First Action ECF No. 46. On September 22, 2017, Con Edison filed an answer. First Action ECF No. 53. Litigation in the First Action remains ongoing.

On February 20, 2018, Plaintiff filed the complaint in this action (the "Complaint"). *See* Compl. On February 28, 2018, the Court referred this action to the Honorable Robert W. Lehrburger for general pretrial purposes. ECF No. 6. On June 12, 2018, Plaintiff filed the Complaint again. ECF No. 7. That same day—112 days after filing the Complaint—Plaintiff requested an issuance of summonses from the Clerk of Court. ECF No. 10. On June 14, 2018— 114 days after filing the Complaint—Plaintiff served Defendants. ECF Nos. 12–13.

On July 30, 2018, Con Edison filed a pre-motion letter seeking leave to file a motion to dismiss. ECF No. 22. Plaintiff did not file a response, in violation of Rule III.A.ii of the Court's Individual Practices in Civil Cases. On September 28, 2018, the Court set a briefing schedule on Con Edison's motion to dismiss, and ordered that (a) Con Edison file its motion by October 26, 2018; (b) Plaintiff file her opposition by November 9, 2018; and (c) Con Edison file its reply by November 16, 2018. ECF No. 24. Con Edison timely filed its motion on October 26, 2018. ECF No. 27. Plaintiff did not file her opposition on November 9, 2018. On November 13, 2018, Judge Lehrburger issued an order stating that he had received a request from Plaintiff for an extension of time to file her opposition via email, and directing her to instead make the request to this Court. ECF No. 30. Plaintiff did not do so. Con Edison filed a "reply" on November 16, 2018. Def. Reply, ECF No. 31. In a declaration accompanying the reply, counsel for Con Edison stated that counsel for Plaintiff had called him on November 13, 2018 to ask when his

opposition was due, and stated that he had forgotten when it was due and did not have an excuse for missing the deadline.  Second Rabe Decl. ¶¶ 3–5, ECF No. 32.

On November 28, 2018—almost three weeks after Plaintiff's opposition was due, and over two weeks after Judge Lehrburger ordered her to make any request for an extension to this Court—Plaintiff filed a letter addressed to this Court.  ECF No. 33.  Plaintiff did not, however, seek leave to promptly file her opposition, nor did she explain why she had failed to timely file her opposition.  *See id.*  Instead, she requested an extension of several more weeks, on the ground that Judge Lehrburger had scheduled a settlement conference in the First Action for December 12, 2018, which she stated may settle both cases and render Con Edison's motion moot.  *Id.* at 2.[2]  Plaintiff claimed that she would suffer "severe" prejudice by responding to Con Edison's motion before the settlement conference.  *Id.*  The Court denied Plaintiff's request, ECF No. 34, and Con Edison's motion to dismiss is, therefore, unopposed.

Notably, pursuant to Rule III.B.ii of the Court's Individual Practices in Civil Cases, before seeking leave from the Court to file a motion to dismiss, a defendant must send the plaintiff a letter explaining the bases for the proposed motion.  The plaintiff must respond by letter and indicate, *inter alia*, "the reasons and controlling authority that support the pleadings as filed."  The rule encourages parties to resolve pleading deficiencies without court intervention. Although these initial letters are not ordinarily filed with the Court, Con Edison attached them to its motion papers.  First Rabe Decl. Exs. A and B, ECF Nos. 29-1 and 29-2.  On July 10, 2018, Con Edison sent Plaintiff a detailed, three-page letter setting forth the bases for its proposed motion to dismiss, including, *inter alia*, that the action is duplicative of the First Action, and that

---

[2] Neither action settled at the December 12, 2018 conference, and discovery is ongoing.  *See* First Action ECF Nos. 80, 83.

the complaint was not timely served. *Id.* Ex A. In its July 23, 2018 letter to Con Edison, Plaintiff sent its response, which was:

> Initially, the action in 2018 (hereinafter 'New' action) deals with events occurring subsequent to the filing of the original 2016 action (hereinafter the 'Original' action). The New action also alleges more in depth [*sic*] with regard to the actions of Sean Green. Thus, while the claims as to ConEd of failing to address, and tolerating if not encouraging - or at least turn in [*sic*] a blind eye - as to all such acts are, indeed, similar, the balance of the Complaint in the New action is substantially different.

*Id.* Ex. B. Given Plaintiff's failure to file a response to Con Edison's July 30, 2018 pre-motion letter to the Court, ECF No. 22, and her refusal to timely file an opposition to Con Edison's motion to dismiss, these three sentences are the sole basis from which the Court can discern Plaintiff's argument for filing the Complaint in this action.

## II.  Similarities Between the Two Complaints

In the Complaint, Plaintiff repeats the allegations stated in the First Action SAC. Plaintiff appears to acknowledge as much, stating in the Complaint that "[t]he instant action is a further manifestation of the acts complained of in the [First Action] and is a continuation of the harassment, retaliation and unlawful employment practices complained of by Plaintiff therein, coupled with specific and new allegations against Defendant Green specifically, and against Defendant [Con Edison] on the basis of imputed liability." Compl. ¶ 7.

The causes of action overlap substantially between the two pleadings. In the Complaint, Plaintiff brings the following claims against Con Edison: sex discrimination, hostile work environment, harassment, and retaliation in violation of Title VII, the NYSHRL, and the NYCHRL, as well as wrongful termination, negligent hiring, training, retention, and supervision, and "prima facie tort." Complaint at 25–52, 56–57. Plaintiff brings claims against Green for assault, battery, and intentional and negligent infliction of emotional distress. *Id.* at 53–55, 57–

59.  As discussed, in the First Action SAC, Plaintiff brings causes of action against Con Edison for hostile work environment and retaliation in violation of Title VII, the NYSHRL, and the NYCHRL, as well as race discrimination and sex discrimination in violation of the NYCHRL. First Action SAC at 27–48.

The allegations in the Complaint are also largely identical to those in the First Action SAC.  In fact, many paragraphs of the Complaint are verbatim or almost verbatim to those in the First Action SAC.  *Compare, e.g.*, First Action SAC ¶¶ 10–24, 32–35, 37–40, 46, 64–66, 70–76, 79, 87, 95–98, *with* Complaint ¶¶ 32–48, 54–71, 76, 78–82.  All of the allegations in both pleadings arise out of Plaintiff's employment by Con Edison.  In the Complaint, Plaintiff makes a handful of allegations that were not made in the First Action Complaint.  For example, Plaintiff alleges that in September 2016, Green "slapped Plaintiff on her posterior," and later "held [her] down and tried to kiss [her]."  Compl. ¶¶ 90–91.  Plaintiff also makes a few new allegations about other co-workers (who are not named as defendants in this action).  *See id.* ¶¶ 83–89.  She also alleges that she was terminated on July 24, 2017.  *Id.* ¶ 32.  The vast majority of her allegations, however, merely repeat those made in the First Action.  Additionally, almost all of the allegations in the complaint, old and new, occurred before the filing of the First Action SAC on July 20, 2017.  First Action SAC.  The only exceptions are her termination four days later, on July 24, 2017, Compl. ¶ 32, and the receipt of her right to sue letter from the Equal Employment Opportunity Commission in November 2017, *id.* ¶ 19, concerning Green's actions in September 2016, *id.* ¶¶ 90–93.

Importantly, for fifteen out of twenty-four of the claims in the Complaint, Plaintiff either does not rely on the new allegations, or merely uses the new allegations in conjunction with allegations already made in the First Action SAC. *See generally* Compl. at 25–48.[3]

## DISCUSSION

I.     Motion to Dismiss the Complaint as Duplicative

Con Edison moves to dismiss this action as duplicative of the First Action. Def. Mem. at 9–14.

A. Legal Standard

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). A district court must "consider the equities of the situation when exercising its discretion"; however, dismissal of the second suit is a "common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 138–39. Even where additional defendants are named, a second lawsuit is duplicative where it "involves essentially the same factual background and legal questions as those presented in [the first] and [the new defendant's] interests are adequately represented by the defendants in [the first]." *Lopez v. Ferguson*, 361 F. App'x 225, 226 (2d Cir. 2010).

---

[3] Plaintiff does bring some new claims based on the new allegations. For example, based on her July 24, 2017 termination, Plaintiff brings a claim for wrongful termination against Con Edison (which is not recognized as a cause of action under New York law, *Metzler v. Harris Corp.*, No. 00 Civ. 5847, 2001 WL 194911, at *2 (S.D.N.Y. Feb. 26, 2001)). Compl. at 48–49. Plaintiff also brings some state law claims based only on new allegations concerning Green. *See* Compl. at 53–60.

B. Analysis

In *Sacerdote v. New York University School of Medicine*, plaintiffs had filed an earlier action under the Employee Retirement Income Security Act of 1974 against New York University. No. 17 Civ. 8834, 2018 WL 1054573, at *1 (S.D.N.Y. Feb. 23, 2018), *appeal filed*, No. 18-1558 (2d Cir. May 21, 2018). The court granted in part and denied in part the defendant's motion to dismiss, and subsequently denied plaintiff's motion to amend its complaint. *Id.* Before that case went to trial, the plaintiffs filed a second action against many defendants, all but one of whom were divisions or employees of New York University. *Id.* The claims in the two cases were largely similar. *Id.* at *3. The court dismissed the second action because, "[w]hile procedurally positioned as a new case, the [Complaint] is a blatant attempt to replead an existing action." *Id.* at *1.

This case is similar to *Sacerdote*. As discussed, the complaint largely mirrors the First Action SAC. As Plaintiff acknowledges, "[t]he instant action is a further manifestation of the acts complained of in the pending litigation and is a continuation of the harassment, retaliation and unlawful employment practices complained of by Plaintiff therein, coupled with specific and new allegations against Defendant Green specifically, and against Defendant [Con Edison] on the basis of imputed liability." Compl. ¶ 7. Although there are a handful of new allegations, most of them are premised on conduct occurring before the First Action SAC was filed, and which, therefore, should have been asserted then. *See McFarlane v. Iron Mountain Info. Servs., Inc.*, No. 17 Civ. 9739, 2018 WL 941748, at *2 (S.D.N.Y. Feb. 16, 2018) ("Plaintiffs may not evade amendment deadlines by filing separate lawsuits that plead claims that were not timely raised in the initial suit."). With respect to the very few remaining allegations, Plaintiff should have sought leave to amend the First Action SAC, and the addition of Defendant Green and a

few new claims based on his conduct does not disturb the Court's finding that this action is duplicative. Here, like in *Sacerdote*, plaintiff is "not entitled to another bite at the apple simply because [she] ha[s] repackaged various claims and named more specific defendants." *Sacerdote*, 2018 WL 1054573 at *4.

Accordingly, this case is DISMISSED without prejudice as duplicative of the First Action.

II.     <u>Motion to Dismiss for Insufficient Service</u>

Con Edison also moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court[,] on motion[,] . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Therefore, a court can grant an extension "(1) upon a showing of good cause; or (2) within its discretion." *Brunson-Bedi v. New York (Hudson Valley DDSO)*, No. 15 Civ. 9790, 2018 WL 2084171, at *6 (S.D.N.Y. May 1, 2018) (citing Fed. R. Civ. P. 4(m)). Plaintiff filed the complaint on February 20, 2018, ECF No. 1, but did not serve Defendants until 114 days later, ECF Nos. 12–13. Accordingly, Plaintiff did not make service within the time specified in Rule 4(m).

Plaintiff has not demonstrated good cause. Although Con Edison identified the failure to serve as a basis for dismissal in its letter to Plaintiff, First Rabe Decl. Ex. A ¶ 4, Plaintiff did not address this argument in her terse response, *see id.* Ex. B. Moreover, as discussed, Plaintiff did not respond to Con Edison's pre-motion letter to the Court, ECF No. 22, and refused to timely

file an opposition to Con Edison's motion.  Because "Plaintiff has provided no excuse for her delay," the Court will instead "consider whether to exercise its discretion to extend Plaintiff's time to effect proper service." *Brunson-Bedi*, 2018 WL 2084171 at *6.

"In determining whether a discretionary extension is appropriate in the absence of good cause, a court considers the following four factors: (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010).  However, "[t]he Second Circuit has stated clearly that even if the balance of hardships favors the plaintiff[,] a district court may still decline to excuse a failure to timely serve the summons and complaints where the plaintiff fails to advance some colorable excuse for neglect." *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013).

With respect to the first factor, it is difficult to analyze the applicable statutes of limitations for each of the twenty-four causes of action Plaintiff brings in her complaint. Plaintiff alleges conduct as far back as 1991, *see, e.g.*, Compl. ¶ 54, and does not specify the conduct that serves as the basis of many of her claims.  However, it appears that at least some claims based on Defendant Green's conduct would bar the action when refiled.  The Equal Employment Opportunity Commission issued a Right to Sue letter on November 20, 2017, which stated that Plaintiff was required to file suit within ninety days.  Compl. ¶ 13; *id.* Ex. D, ECF No. 1-4.  Additionally, "[t]here is a presumption that notice provided by a government agency was mailed on the date shown on the notice and received three days after its mailing." *Williams v. N.Y.C. Dep't of Educ.*, No. 17 Civ. 1996, 2018 WL 4735713, at *6 (S.D.N.Y. Sept.

29, 2018) (internal quotation marks ad citation omitted). Therefore, when Plaintiff originally filed her complaint on February 20, 2018, ninety-two days after receiving the Right to Sue letter, her action was timely filed, which Con Edison concedes. Def. Mem. at 15. However, if the complaint is not served within the 90-day time period set forth in Federal Rule of Civil Procedure 4(m), then "the governing statute of limitations again becomes applicable, and the plaintiff must refile prior to the termination of the statute of limitations period." *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 599 (E.D.N.Y. 2013). As discussed, Plaintiff did not serve the complaint on Defendants until 114 days after filing it. Accordingly, the Court will assume that at least some claims are now time barred. This factor weighs toward Plaintiff, but "[t]he fact that plaintiff's claims may be time-barred does not require us to exercise our discretion in favor of plaintiff." *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506 (S.D.N.Y. 1999).

With respect to the second factor, it is unclear whether Con Edison had actual notice of the complaint in this action, although the Court assumes that it did, because the Court accepted this case as related to the First Action—in which Con Edison had appeared and was actively litigating—on February 28, 2018. *See* 2/28/2018 ECF Entry. However, there is no reason to believe that Green—who is not a party to the First Action—had actual notice of the claims. This factor is thus neutral.

With respect to the third factor, although Plaintiff filed the complaint on February 20, 2018, ECF No. 1, she refiled the exact same complaint (still dated February 20, 2018) on June 12, 2018, ECF No. 7, and requested an issuance of summonses from the Clerk of Court that same

day, ECF No. 10. It is reasonable to conclude from this action that she was attempting to impermissibly restart the clock and conceal her defect in service. This weighs against Plaintiff.[4]

With respect to the fourth factor, "the Court acknowledges the possibility of prejudice insofar as extending the service period beyond the statute of limitations period for the action imposes a corresponding prejudice on defendants." *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 323 (S.D.N.Y. 2016) (internal quotation marks, citation, and footnote omitted). This weighs against Plaintiff.

Accordingly, these factors mostly weigh against Plaintiff, and in light of her failure "to advance some colorable excuse for neglect," *Vaher*, 916 F. Supp. 2d at 421, the Court declines to exercise its discretion to grant an extension. Accordingly, the complaint is also dismissed without prejudice on the ground that Plaintiff failed to timely serve Defendants pursuant to Federal Rule of Civil Procedure 4(m).

III.     Attorneys' Fees and Costs

Con Edison requests that the Court grant it attorneys' fees and costs for preparing its motion pursuant to 28 U.S.C. § 1927 and the court's inherent power to issue sanctions. Def. Mem. at 23–24. In awarding attorneys' fees for these reasons, "[i]n this Circuit, courts require clear evidence that that the challenged actions are entirely without color, and are taken for reasons of harassment or delay or for other improper purposes." *Shim-Larkin v. City of New York*, 16 Civ. 6099, 2018 WL 4636839, at *1 (S.D.N.Y. Sept. 27, 2018).

Con Edison's main argument for attorneys' fees and costs is that Plaintiff's failure to comply with the Court's Individual Practices in Civil Cases, which require the exchange of pre-

---

[4] The Court acknowledges that on February 21, 2018—the day after filing the Complaint—the Clerk of Court directed Plaintiff to refile the complaint due to various errors she made while opening the case on the CM/ECF system. *See* 2/21/2018 ECF Entries. This does not explain, however, why Plaintiff failed to refile the complaint for almost four months.

motion letters to dismiss, resulted in unnecessary motion practice. Def. Mem. at 23–24. To be sure, the filing of this action was meritless and the actions of Plaintiff and her counsel in this case have involved blatant disregard of the Court's orders and its Individual Practices. However, although it is a close question, the Court concludes that Plaintiff's failure to prosecute her case does not constitute "clear evidence" that her actions are attributable to "harassment or delay or [] other improper purposes." *Shim-Larkin*, 2018 WL 4636839 at *1. Accordingly, the Court declines to award Con Edison attorneys' fees and costs.

IV.     Claims Against Defendant Green

Green has not appeared in this action, and the motion to dismiss was brought only by Con Edison. However, because Plaintiff's claims against Green suffer from the same deficiencies as those brought against Con Edison, the Court treats the instant motion to dismiss as if it was brought on behalf of all defendants. *See Virtual Dates, Inc. v. Afternic.com, Inc.*, No. 01 Civ. 4023, 2001 WL 1646451, at *2 (S.D.N.Y. Dec. 20, 2001) (dismissing claims against defendant who did not join in other defendants' motion to dismiss because "precisely the same points control the claims against it"); *see also Le Bouteiller v. Bank of New York Mellon*, No. 14 Civ. 6013, 2015 WL 5334269, at *11 n.6 (S.D.N.Y. Sept. 11, 2015) (dismissing *sua sponte* the claims against non-moving defendant for failure to state a claim where "the rulings in this opinion would apply with equal force to [that defendant]"). Accordingly, all claims against Green are DISMISSED.

**CONCLUSION**

For the reasons stated above, Con Edison's motion to dismiss is GRANTED, and its request for attorneys' fees and costs is DENIED. In addition, all claims against Green are

DISMISSED.  The Clerk of Court is directed to terminate the motion at ECF No. 27 and close

the case.

SO ORDERED.

Dated:  April 5, 2019
        New York, New York

_____
ANALISA TORRES
United States District Judge